THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. JOHN W. WAINWRIGHT and Others, Defendants.

Supreme Court, Queens Special Term, July, 1922.

**Letters patent — lands under water — absolute failure to comply with conditions within limitation of time — expiration of patent — Jamaica bay — lands revert to state and not to city of New York — Laws of 1909, chap. 568 — Laws of 1912, chap. 522.**

Letters patent were granted on November 22, 1907, for the express and exclusive purpose " to fill in the lands under water herein granted and to erect thereon a bulkhead and pier of a substantial character " with provision that " unless the improvements above named are completed within five years from the date of these presents this grant shall cease and determine and become null and void." *Held*, that because of an absolute failure to comply with the conditions imposed, any interest which the grantee had in the patent, for which they had paid a valuable consideration, expired on November 22, 1912.

The grant to the city of New York by section 1 of chapter 568 of the Laws of 1909 for specified purposes of " such right, title and interest as the state of New York may have in and to the land under water in Jamaica Bay " is expressly limited by the provision of section 2 of said statute that " the grant shall not affect such land as may hereafter be granted by the commissioners of the land office under an application made prior to May 29, 1909, but if any such application be denied, the land covered thereby shall pass to the city of New York under the conditions of this act." Chapter 522 of the Laws of 1912 also excludes from said grant " any and all such islands, hummocks, * * * heretofore granted." *Held*, that the language of the statute of 1909 was clear and while it may have been the intention of the legislature to include patented land where there had been a failure of compliance, for the court to supply the omission to so provide would be an assumption of legislative authority.

The premises here affected being in that part of Jamaica bay specified in the statute of 1909 and that of 1912 and it being conceded on the trial of an action brought by the state to set aside the letters patent that the appropriations by the federal government and the city of New York mentioned in the statute of 1909 have been made, the plaintiff will be granted judgment.

SUIT to set aside letters patent.

*Charles D. Newton*, attorney-general (*George S. Parsons*, of counsel), for plaintiff.

*John P. O'Brien*, corporation counsel (*John J. Mead*, of counsel), for the defendant City of New York.

LEWIS, J. The commissioners of the land office issued letters patent to the defendant Wainwright on November 22, 1907, which were given for the express and exclusive purpose " to fill in the lands under water herein granted and to erect thereon a bulkhead and pier of a substantial character," and, in addition, it was provided that " unless the improvements above named are completed

within five years from the date of these presents this grant shall cease and determine and become null and void."

There was default on the part of the defendants Wainwright. The uncontradicted proof establishes that there have been no improvements whatever upon the premises and an absolute failure to comply with the conditions imposed. Any interest, therefore, which they had expired on November 22, 1912.

The only question for consideration is, whether by chapter 568 of the Laws of 1909 and chapter 522 of the Laws of 1912 the property should revert to the state or to the city of New York. It is undisputed that the premises affected are in that part of Jamaica bay specified in the statutes referred to, and on the trial it was conceded that the appropriations by the federal government and the city of New York mentioned in the statute of 1909 have been made. The act of 1909 was passed after the issuance of the letters patent to Wainwright in 1907, for which Wainwright had paid valuable consideration. It cannot be questioned that the act of 1909 passed subsequent to the issuance of the letters patent to Wainwright in any way impaired the rights which were thus acquired. The rights of the city, if any, must be found in the language of the statute.

Section 1 of the act of 1909 provides: " there is hereby granted for the purposes specified in this act, to the city of New York such right, title and interest as the state of New York may have in and to the land under water in Jamaica bay    *    *    *."

The grant, however, of " such right, title and interest as the state of New York may have " is expressly limited by section 2, for it provides that " the grant shall not affect such land as may hereafter be granted by the commissioners of the land office under any application made prior to May twenty-ninth, nineteen hundred and nine, but if any such application be denied, the land covered thereby shall pass to the city of New York under the conditions of this act."

The statute does not expressly exclude lands already conveyed, but if, as appears by the act, it was the intention to exclude land where application had been made and not denied, it would seem that it was intended to exclude lands already patented. The act of 1912 also excludes from the grant " any and all such islands, hummocks, hassocks, marsh and meadow lands or parts or portions thereof heretofore granted."

" No rule of law is more firmly established than that the intention of the lawmakers must be sought, and when ascertained given effect in the construction of statutes; that such intention is to be determined from the language used, which must be given its usual

and accepted meaning." *People ex rel. McNeile* v. *Glynn,* 128 App. Div. 257.

The language of the act is clear. While it may have been the intention of the legislature to include patented land where there had been a failure of compliance, the language of the act does not so provide, and to supply the omission would be assuming legislative authority.

Judgment for the state of New York in accordance with this opinion.

Judgment accordingly.