Robert P. Kennedy, J.
Doris McNair was convicted of the crimes of criminal possesion of a controlled substance in the *342 second degree, a class A-II felony, criminal possession of hypodermic instruments, a misdemeanor, and criminally using drug paraphernalia (two counts), each misdemeanors, and was sentenced to a term of from six years to life on the A-II felony conviction and one year on each of the misdemeanor counts, all sentences to run concurrently. Although her moving papers do not state that an appeal has been taken, since this is an application for an order releasing her pending final determination of her appeal, I will assume that an appeal has 'been taken.
Defendant alleges three errors, (1) that the evidence upon which she was convicted was insufficient as a matter of law; (2) that the evidence used against her was seized as the result of an illegal .search and seizure and that her pretrial motion to suppress should have been granted; (3) that the mandatory sentence she received of from six years to life constitutes cruel and inhumane punishment and is in violation of the ¡Constitution of the United States.
According to the practice commentary to CPL 460.50 the CPL shifted the emphasis in applications for stay of judgment pending appeal by regarding the “ stay ” aspect as of relatively minor importance and by treating the whole subject as primarily a bail problem. This being the situation, the court does not have the authority to grant the relief requested. As pointed out .by the District Attorney, CPL 530.50 prohibits bail pending appeal where a class A felony sentence has been imposed. In her reply memorandum defendant seeks to get around this express prohibition by claiming that when CPL 530.50 was enacted there were no A-I, A-II or A-III felonies, just A felonies, and that the Legislature intended the no-bail provisions to apply only to murder or kidnapping. Maybe so, but the law does not say that. The Legislature made no change in CPL 530.50 when it changed the provisions of paragraphs (a) and (b) of subdivision 2 of section 70.00 of the Penal Law. The very amendment about which defendant speaks (§ 70.00, subd. 3, par. [a]) says “ In the case of a class A felony, the minimum period shall be fixed by the court and specified in the sentence ’ ’, and then goes on to deal with A-I, A-II and A-III felonies.
The Legislature is assumed to have known of existing statutes and judicial decisions in enacting amendatory legislation, (Matter of Cochran, 176 Misc. 809) and amendment by implication is contrary to statutory rules of construction (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 191). The law says no bail on conviction of a class A felony and defendant has been convicted of a class A felony.
*343 No different conclusion would have been arrived at on a consideration of the merits of defendant’s claims. • Again, referring to the practice commentary to CPL 460.50, a Judge is authorized to refuse to fix bail solely upon the ground “ that appellate reversal is highly improbable”. That seems to be the situation in the case before me. I cannot say on the generalized attack on the sufficiency of the evidence in the papers submitted even that there is a “reasonable possibility of reversal on appeal”.
Defendant’s claimed error in the trial court’s refusal to suppress evidence used against her presents a harder question. The transcript of the hearing on the motion to suppress shows that the affidavit on which the search warrant was issued requested a search of the downstairs apartment of 9 Woodford St. while the search warrant authorized a search of' the upstairs apartment. The heading of the application for the warrant contained the address “9 Woodford Street ” followed by a parenthesis, “ Upstairs ”. This would seem to bring the issue almost squarely into line with that faced in People v. De Lago (16 N Y 2d 289), where the Court of Appeals looked at the caption of the warrant to clarify what premises were to be searched. In view of this, it would appear that on this ground# also, there is no reasonable possibility of reversal on appeal.
.Defendant’s third and final claim is that the mandatory sentencing provisions of our law are unconstitutional. Since defendant’s application is being denied due to the prohibition against granting bail pursuant to CPL 530.50, I will not deal with the constitutional attack (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150). Suffice to say that, apparently, mandatory sentences are not unconstitutional as amounting to cruel and unusual punishment per se (Furman v. Georgia, 408 U. S. 238), nor did the Supreme G'ourt see fit to reverse in a case involving a violation of drug laws and which involved a mandatory minimum sentence of five years and under which law the sentence could not be suspended nor could probation be granted and parole under the Federal statute was unavailable (Bradley v. United States, 410 U. S. 605).
For all of the foregoing, defendant’s application for an order staying the execution of the judgment pending the determination of her appeal and releasing her in her own recognizance is denied.