THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v FRANK E. KING and VINCENT PAPA, Defendants.

First Department, June 26, 1975

*Richard D. Friedman* for Frank E. King, defendant.

*Maurice H. Nadjari (Bennett L. Gershman* of counsel), *Deputy Attorney-General, Special State Prosecutor* for plaintiff.

LANE, J. Defendant King has been indicted for the crimes of conspiracy; hindering prosecution in the first and second degrees; official misconduct; and obstructing governmental administration in connection with theft of drugs from the offices of the police property clerk.

Defendant King was granted leave to present his motion for omnibus relief by permission of an Associate Justice of this court pursuant to subdivision 2 of section 149 of the Judiciary Law.

The first branch of the motion before the court seeks an inspection of the Grand Jury minutes with a view towards dismissal of the indictment. The alleged basis for granting the motion to inspect is that the Special Prosecutor has engendered undue publicity adverse to King by various press releases, thus prejudicing the Grand Jury deliberations.

The newspaper clippings annexed to the papers do not indicate that the Special Prosecutor disclosed defendant's name to the press.

To the contrary, defendant held an interview with a reporter of the *New York Daily News,* which was printed in that newspaper on Saturday, February 23, 1974, in which he stated, "I know I'm the major suspect" and made further comments that the Special Prosecutor's office was using him [King] as a "Patsy" in order to help get budget approval. This interview was alluded to in a subsequent article in *The New York Times* on February 25, 1974. It was in this later article that comment was elicited from "several law enforcement officers" with regard to King's activities. There was no indication in this latter article either, however, that the source of the information was the office of the Special Prosecutor.

An affidavit from the foreman of the Grand Jury states that the Grand Jury considered only the evidence submitted to it, and that they were repeatedly admonished not to be influenced by anything occurring outside the grand jury room.

We conclude that improper influencing of the Grand Jury by publicity manufactured by the office of the Special Prosecutor has not occurred in this case. The urging that it has occurred, based on newspaper clippings annexed to the mov-

ing papers, is sheer speculation and not borne out by the contents of the articles themselves (cf. *Beck v Washington,* 369 US 541).

It is further urged that the first count of the indictment alleging conspiracy would require corroboration and that possibly such corroborative evidence was not submitted to the Grand Jury prior to its returning a true bill.

However, we have held that corroboration is not deemed an "element" of the crime, and its absence does not preclude the finding that a prima facie case was stated *(Matter of Ruggiero,* 40 AD2d 135; *People v Johnson,* 46 AD2d 55, 58).

Moreover, the conspiracy count may be prosecuted together with the count of hindering prosecution. Generally, when a combination between two persons to effect a particular end is denominated by a specific name (e.g., adultery) with a specific punishment attendant thereon, it is unlawful to prosecute the same crime and denominate it as a conspiracy. This general rule is commonly known as "Wharton's rule" (see a full explanation of this rule in 1 Anderson, Wharton's Criminal Law and Procedure, § 89, p 191 [1957]).

It is inapplicable to the case at bar, since the harm attendant upon the commission of the substantive offense (hindering prosecution relating to narcotics offenses) is not restricted to the parties to the conspiracy agreement, and those prosecuted for conspiracy need not be the same as those prosecuted for the substantive crime *(Iannelli v United States,* 420 US 770).

In sum, we find the arguments presented in support of the first branch of the omnibus motion unpersuasive. There is insufficient shown to warrant granting of the motion to inspect the Grand Jury minutes and, accordingly, the motions to inspect the Grand Jury minutes and to dismiss the indictment must be denied (CPL 210.30, subd 4; *People v Howell,* 3 NY2d 672).

The second branch of the motion seeking discovery and inspection must likewise be denied.

Defendant seeks transcripts of any electronic eavesdropping containing voices identified as defendant King or relating to him or, in the alternative, an affidavit that no such devices were used in connection with any proceedings against the defendant.

In a responding affidavit, the Special Prosecutor represents

that no evidence submitted to the Grand Jury in connection with the instant indictment was the product of electronic eavesdropping. This item of discovery must therefore be denied, without prejudice to defendant's right at an appropriate subsequent time to challenge the legality or admissibility of any electronic surveillance against him (CPL 700.70). Similarly, as to identification documentation sought, assuming identification is in issue, the motion is denied without prejudice to renewal as a request for a preliminary hearing before the Trial Justice.

The balance of the items sought for discovery dealing with conduct of the Grand Jury must be denied, since there was no showing of taint in the convening, attendance or makeup of that jury *(People v Howell,* 3 NY2d 672, 675, *supra* cf. *Matter of Alessi ·v Nadjari,* 47 AD2d 189) to warrant discovery of the documents requested. In any event, *disclosure* of grand jury proceedings is interdicted, even when allegedly under court supervision *(Matter of Proskin v County Ct. of Albany County,* 30 NY2d 15).

Finally, with regard to exculpatory material sought to be discovered, the Special Prosecutor has sworn that he is presently not in possession of any such material.

The branch of the motion demanding a bill of particulars is denied. Those items not yet answered we find to be evidentiary in nature and not the proper subject of a bill of particulars (CPL 200.90, subd 3).

The last branch of the motion seeking to strike allegedly scandalous material from paragraph fourth of the indictment is denied.

Accordingly, the omnibus motion is denied in all respects with the exception of the demands for discovery of electronic surveillance tapes and identification materials, which are denied without prejudice to renewal before the trial court.

MURPHY, J. (dissenting). Since the instant application is being heard pursuant to leave granted by Mr. Justice KUPFERMAN (Judiciary Law, § 149, subd 2), it appears somewhat incongruous, and perhaps even improper, to refer any portion thereof back to the Justice appointed to preside over the Extraordinary Special and Trial Term. But in any event, and on the merits, I would go further than my colleagues in granting relief to defendant King.

It is alleged, and not seriously disputed, that the presenta-

tion before the Extraordinary Grand Jury commenced well before the instant indictment and dealt primarily with the celebrated "French Connection" heroin theft from the office of the Police Property Clerk and other alleged police corruption. Aside from the barrage of publicity to which the grand jurors were subjected (irrespective of who was the originator), several members of defendant's family, among others, were called as witnesses and all phases of defendant's life, including personal records, were assertedly subjected to the utmost scrutiny. The Special Prosecutor concedes that "the instant indictment of course relates to the narcotics theft case since it is precisely the ongoing corrupt relationship between defendants King and Papa and their corrupt relationship with others connected with the instant indictment that the drug thefts under investigation were effectuated."

Where, as here, there are sufficient grounds to believe that defendant has been subject to a pervasive prejudicial inquisition into his life and conduct with reference to irrelevant matters, the least this court should do (even assuming, *arguendo,* the absence of reasonable cause to believe the evidence presented was legally insufficient) is to grant the motion and examine the minutes. (CPL 210.30, subd 4, par [b]; cf. *United States v Whitted,* 325 F Supp 520.)

Moreover, in light of the serious allegations of prosecutorial misconduct contained therein, it is insufficient for the prosecutor, who vigorously opposes that branch of the application which seeks inspection of the Grand Jury minutes, to summarily assert that "the Grand Jury was fairly and thoroughly instructed on the applicable legal principles relating to the instant charges" by referring to certain pages of said minutes that only he has seen. It is for this court, not the prosecutor, to make such determination. And certainly the conclusory affidavit of the Grand Jury foreman, in which he opines "that the grand jurors heeded these admonitions and based their decision only on the evidence before them" really points to the necessity for an objective reading of the minutes and should not deter us from our responsibility in this matter. Accordingly, that branch of the motion which requests inspection of the Grand Jury minutes by this court should be granted.

Insofar as the balance of the application is concerned I would, currently, grant (to the extent not already furnished or required to be furnished hereunder) pretrial discovery and inspection of the items referred to in subdivisions "a", "b",

"f", "h", "i" and "j" of paragraph "Twentieth" and the particulars requested in subdivisions "(a)", "(b)", "(c)", "(d)", "(e)", "(f)" and "g" of paragraph "Twenty-First", and in paragraphs "Twenty-Second" and "Twenty-Fourth", of applicant's principal moving affidavit. I disagree with the majority's conclusion that these items should be denied as prematurely sought or essentially requiring the People to recite matters of evidence. In my view, the items above referred to "are necessary to enable this defendant adequately to prepare or conduct his defense." (CPL 200.90, subd 3.)

Additionally, I would grant the motion insofar as it requests striking the last sentence of the fourth paragraph of the indictment, which alleges that "defendant Papa was arrested and had in his possession nearly one million dollars in cash." This assertion, which will be read to the trial jury, is clearly unnecessary and highly prejudicial. If relevant, such fact may be introduced into evidence at the trial; but it is improperly pleaded in the indictment when it states "allegations of an evidentiary nature". (CPL 200.50, subd 7.)

Finally, since it now appears (from the supplemental affidavits submitted hereon) that defendant King's attorney was also the subject of an eavesdropping warrant and order, I would direct the Special Prosecutor to supply defendant with an affirmation setting forth all surveillance data obtained by eavesdropping through electronic means, whether by warrant or otherwise, including eavesdropping of defense counsel; together with copies of all eavesdropping warrants and orders and affidavits in support thereof.

Since the data sought may contain prejudicial or privileged matter, I would direct the Special Prosecutor to provide defense counsel with transcripts and copies of tapes, sealed and *in camera;* and allow counsel to listen to the original tapes at the Special Prosecutor's office at a mutually agreeable time. (Cf. *People v Steinman,* 44 AD2d 839.) In such connection, I also deem it appropriate, before concluding, to reaffirm the principle that any intrusion upon the fundamental right to assistance of counsel by electronic surveillance cannot be tolerated, and has indeed been previously condemned, by free society. *(Coplon v United States,* 191 F2d 749, cert den 342 US 926.)

MARKEWICH, J. P., and TILZER, J., concur with LANE, J.; KUPFERMAN and MURPHY, JJ., dissent in an opinion by MURPHY, J.

Application of defendant, Frank E. King, insofar as it seeks discovery of electronic surveillance tapes and identification materials, denied, without prejudice to renewal before the trial court; and said application in all other respects is denied.