Leon B. Polsky, J.
The defendant, a former Judge of the Criminal Court of the City of New York, has been charged in a five-count indictment with multiple crimes arising out of his *473 alleged receipt of money in payment for imposing sentences of conditional discharge upon two defendants who appeared before him in the Criminal Court, Kings County. The charges include the felony of bribe receiving, conspiracy in the third degree (relating to his alleged participation in an agreement with others to engage in conduct constituting bribe receiving); conspiracy in the fourth degree (relating to his alleged agreement with others to engage in conduct constituting the crime of obstructing governmental administration); obstructing governmental administration by means of an independently unlawful act (i.e., bribe receiving); and official misconduct in that the defendant knowingly refrained from rendering an appropriate sentence.
STATUTE OF LIMITATIONS AND RELATED QUESTIONS
With the exception of the bribe receiving count, all charges are misdemeanors which at the time of the alleged crime, were governed by a two-year Statute of Limitations (Code Crim Pro, § 142). If there had been no change in the period of limitation, the misdemeanor charges would be time-barred because the present proceeding was not commenced until more than four years had elapsed from the date of the alleged offense. However, during the initial two-year period, the CPL (L 1970, ch 996, eff Sept. 1, 1971) came into effect providing, in CPL 30.10 (subd 3, par [b]) that: "A prosecution for any offense involving misconduct in public office by a public servant may be commenced at any time during the defendant’s service in such office or within five years after the termination of such service.”
In CPL 1.10 (subd 1, par [a]) it was provided that the provisions of the CPL would apply to all proceedings commenced after its effective date (Sept 1, 1971). Thus by its terms the tolling provision is applicable to the charges against the defendant.
The defendant contends that CPL 1.10 (subd 2) allows for application of the Code of Criminal Procedure to proceedings predating the effective date of the new statute where the application of the new procedure would not be feasible or would work an injustice. It is urged that I should here apply the old Code provisions rather than the new CPL. This contention is based upon a misinterpretation of CPL 1.10 (subd 2). That section permits the court to apply the former procedures in cases where the proceeding had been commenced prior to *474 the date the new law became effective. Where the proceeding was commenced after September 1, 1971, a court has no discretion and must apply the new procedures regardless of the date of the offense.
The defendant next claims the application of the tolling provisions, enacted after the offense, is constitutionally prohibited ex post facto legislation. The law is uniformly to the contrary. A defendant has no vested interest in the Statute of Limitations existing at the time of his alleged criminal act and, until the statute has run, the Legislature has the power to alter it without offending any rights of an accused. (People ex rel. Reibman v Warden, 242 App Div 282; People v Pfitzmayer, 72 Misc 2d 739; Clements v United States, 266 F2d 397, cert den 359 US 985; Falter v United States, 23 F2d 420, cert den 277 US 590.)
Next it is contended that the special tolling provision for public servants is unconstitutional, both facially and as applied, since it denies public office holders equal treatment under the law. As Judge Denzer’s Practice Commentary to the section makes clear, this provision, applicable to all public servants is made necessary by the fact that, "Because of the inherent nature of the circumstances under which such offenses are committed, their commission is often not discovered until the incumbent public servant has left office”. (Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 30.10, p 69); see, also, Model Penal Code, § 1.06, subd [3], par [b].)
The tolling provision is not unconstitutional.
PREINDICTMENT DELAY
The defendant seeks dismissal claiming that the four and one-half year delay from the date of the offense and the filing of the indictment violates his rights under the due process clause of the Fourteenth Amendment. Alternatively he requests a hearing "at which time the prosecutor must demonstrate that the delay was neither unreasonable nor fatally prejudicial to the defendant.”
The cases cited in support of this contention all deal with preaccusation delays occasioned by the prosecution, which for one reason or another chose to delay the arrest or filing of the indictment. Here the time lapse between the alleged crime and the filing of the accusatory instrument was due to the *475 People’s unawareness that the crime had occurred. While a court might in circumstances not here present be authorized to dismiss "in furtherance of justice” (CPL 210.40) there is no statutory or constitutional violation occasioned by the "delay” in this case.
SUBPOENAING OF THE DEFENDANT BEFORE THE GRAND JURY
The defendant was subpoenaed to testify before the Grand Jury which was investigating the alleged bribery and, when appearing, refused to waive immunity. After asserting his Fifth Amendment privilege before the Grand Jury, he was excused as a witness. It is asserted by the defendant and not denied that the Special Prosecutor had been advised beforehand that the defendant refused to waive his privilege; nevertheless, the prosecutor insisted on calling the defendant to "place his refusal on the record.” It is contended that the calling of a "target” to force his assertion of privilege before the Grand Jury is a deliberate tactical device used to improperly suggest to the layman on the Grand Jury that the defendant had something to hide and in fact, was criminally culpable.
Consideration of this question is foreclosed by the Court of Appeals decisions in Matter of Boikess v Aspland (24 NY2d 136, 140) and Matter of Cunningham v Nadjari (39 NY2d 314). All this court may do in this regard is inspect the minutes to ascertain whether the Grand Jury was properly instructed to draw no negative inferences from the defendant’s refusal to waive his immunity. Such instructions were given.
It is noted that in the course of the presentation of this case to the Grand Jury several witnesses testified not only to the incident involved in this case but also to an entirely unrelated matter not involving this defendant. Indeed, I am uncertain as to whether the testimony of one of the witnesses was intended to relate to this defendant at all.
I recognize that "investigating Grand Juries” often have a number of related matters pending at the same time. This requires special care on the part of the prosecutor to insure that evidence received in connection with one matter is not inadvertently considered by the grand jurors as relating to another. Problems in this regard can be avoided in a number of ways (e.g. the use of separate Grand Juries; specific reference by the prosecutor to those witnesses whose testimony he is submitting in connection with the particular charge; a *476 presentation of witnesses uninterrupted by consideration of matters connected to other cases, etc.).
I do not have the authority nor do I purport to instruct the prosecutor as to the manner in which he should present his cases to the Grand Jury. My authority is limited to granting a motion to dismiss if it were to appear that the defendant was likely to be prejudiced by the manner of presentation or inadequacy of instructions. I am satisfied in this case that unrelated testimony was, at most, a distraction and therefore did not prejudice the defendant.
SUFFICIENCY OF EVIDENCE
The defendant moves to inspect the Grand Jury minutes and for the dismissal of the indictment asserting that the evidence before the Grand Jury was legally insufficient. (CPL 210.30.) Specifically he questions whether there was corroboration of accomplice testimony. (See CPL 60.22.)
Although the corroboration is exceedingly thin,* there is no need for me to consider whether it sufficiently meets the test of the corroboration requirement.
In two recent cases the Appellate Divisions in both the First and Second Departments have indicated that the corroboration requirement set forth in CPL 60.22 relates only to evidence necessary to obtain or sustain a conviction and that corroboration of accomplice testimony is not required to sustain an indictment. (People v King, 48 AD2d 457; People v Clarkson, 50 AD2d 903.) These determinations by the Appellate Divisions appear to me to be a departure from the prior rulings made since the enactment of the CPL and to the effect that an indictment could be dismissed for legal insufficiency upon a " 'clear showing’ that the evidence before the Grand Jury if unexplained and uncontradicted would not warrant a conviction by a trial jury.” (People v Eason, 45 AD2d 863; People v Dunleavy, 41 AD2d 717.) Under the earlier test it would appear that there must be corroboration.
Applying the more recent cases, I find with respect to counts one through four that the evidence before the Grand Jury was legally sufficient.
*477 With respect to count five, the defendant has moved to dismiss both for legal insufficiency and because of the failure of the count to contain a "plain and concise factual statement * * * which * * * asserts facts supporting every element of the offense charged.” (CPL 200.50, subd 7.)
Since I have directed the People to file a written bill of particulars with respect to this count, I will deny both the motion to inspect and dismiss (under CPL 210.30, subds 1, 2) and the motion to dismiss based upon CPL 200.50 (subd 7).
As to these matters only, the defendant’s motion is denied without prejudice to a new motion made within 14 days after the People serve and file an amended bill of particulars relating to count five; such amended bill to be served and filed within seven days from the date of the order herein. Nothing herein is intended to preclude the defendant from availing himself of whatever remedies might be available under section 149 of the Judiciary Law.

 In his concluding remarks to the Grand Jury the prosecutor correctly designated certain witnesses as accomplices as a matter of law, instructed the Grand Jury on the necessity of finding corroboration, and indicated the testimony which he offered as corroboration.