*128 OPINION OF THE COURT
Donald J. Mark, J.
This is an application by the defendant pursuant to CPL 210.30 (subd 2) to inspect the Grand Jury minutes and pursuant to CPL 210.20 (subd 1, par [b]) to dismiss the indictment, upon the ground that the evidence presented to the Grand Jury was legally insufficient to establish the crimes of burglary in the third degree, grand larceny in the second degree and criminal possession of stolen property in the first degree.
The defendant bases his application upon the ground that the only evidence submitted to the Grand Jury was the uncorroborated testimony of an accomplice of the defendant, so this indictment violates CPL 60.22 (subd 1). The People have consented to the application to inspect but resist the application for dismissal, claiming that the current case law does not mandate such result, even assuming the accuracy of the defendant’s allegation.
The first issue to be determined is the status of the witness characterized by the defendant as an accomplice and whether the requirement of corroboration was satisfied if there is such a finding.
The witness in question participated in the same illegal conduct as the defendant. He received automatic immunity by testifying before the Grand Jury (CPL 190.40, subd 2; People v Avant, 33 NY2d 265); otherwise he would have been a co-defendant in this action. There is no question that this witness was an accomplice of the defendant (People v Fielding, 39 NY2d 607; People v Daniels, 37 NY2d 624; People v Diaz, 19 NY2d 547).
The only other evidence implicating the defendant was the testimony of the owner of the burglarized business. He testified that the accomplice and another individual, not identified, inspected merchandise at his store approximately 24 hours before the commission of the burglary and larceny. This evidence was not legally sufficient to provide the required corroboration of the accomplice testimony (see People v Arce, 42 NY2d 179; People v Harris, 52 AD2d 672; People v Shaw, 49 AD2d 658).
The second issue is whether the testimony of an accomplice must be corroborated in a Grand Jury proceeding.
The three relevant statutes appear to mandate this conclusion.
*129 CPL 60.22 (subd 1) provides as follows: "A defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense.”
CPL 190.65 (subd 1) provides as follows: "Subject to the rules prescribing the kinds of offenses which may be charged in an indictment, a grand jury may indict a person for an offense when (a) the evidence before it is legally sufficient to establish that such person committed such offense and (b) competent and admissible evidence before it provides reasonable cause to believe that such person committed such offense.”
CPL 70.10 (subd 1) provides as follows: " 'Legally sufficient evidence’ means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof; except that such evidence is not legally sufficient when corroboration required by law is absent.” (Emphasis added.)
The language of a statute is generally construed according to its natural and most obvious sense, without resorting to an artificial or forced construction (McKinney’s Cons Laws of NY, Book 1, Statutes, § 94; Smith v People, 47 NY 330; People v Morton, 284 App Div 413, affd 308 NY 96; People v Wainwright, 119 Misc 71, mod on other grounds 205 App Div 505, rev on other grounds 237 NY 407; People v Gray, 41 AD2d 125; People v Shafer, 30 AD2d 213).
The said three statutes are clear and unambiguous, and they should provide sufficient authority to justify granting the defendant’s motion to dismiss.
However, People v Clarkson (50 AD2d 903) and People v King (48 AD2d 457) decided since the enactment of CPL 60.22, and upon which the People rely, suggest a different result. Both of those cases held that no corroboration of accomplice testimony is required before a Grand Jury.
CPL 60.22 (subd 1) was derived from section 399 of the Code of Criminal Procedure (Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 60.22, p 194; People v Ramos, 68 AD2d 748).
Section 399 of the Code of Criminal Procedure provided as follows: "A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime.”
*130 The cases interpreting section 399 consistently held that an indictment would be legally insufficient if accomplice testimony were not corroborated (People v Kohut, 30 NY2d 183; People v Cilento, 2 NY2d 55; People v Nitzberg, 289 NY 523).
The Appellate Division, First and Second Departments, decided People v King (supra) and People v Clarkson (supra), respectively, and, as indicated, did not adhere to the pronouncements of the Court of Appeals in this area. The Appellate Division, Third Department, in People v Laws (54 AD2d 518), likewise a postsection 399 case, did not deviate from the traditional view, while the Appellate Division, Fourth Department, has not had the occasion to pass on this issue.
The reported decisions indicate that the trial courts are divided on this question. One court felt bound by People v Clarkson (supra) and People v King (supra) (People v Glowa, 87 Misc 2d 471); one court followed the pre-CPL 60.22 cases (People v Murray, 88 Misc 2d 668); and two courts admitted the dilemma without resolution (People v Kazmarick, 96 Misc 2d 1024; People v Cunningham, 88 Misc 2d 1065).
A comparison between the terminology of section 399 of the Code of Criminal Procedure and that of CPL 60.22 (subd 1) demonstrates that they are virtually identical. Subdivisions 2 and 3 of the latter section are irrelevant to this determination because their only purpose was to broaden the definition of an accomplice, whereas subdivision 1 restated the well-known accomplice corroboration rule of section 399 (Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 60.22, pp 194-195).
The construction of statutes militates against a judicial interpretation of CPL 60.22 (subd 1) different from that of section 399. Generally, where a statute which has been judicially construed is replaced by a new law containing the same provisions, the former interpretation will be followed in the construction of the new act (McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 75, 193, subds [a], [b]; People v Fanshawe, 137 NY 68; People v Estreich, 272 App Div 698, affd 297 NY 910; People v Green, 56 NY 466; Matter of United Press Assns. v Valente, 203 Misc 220, affd 281 App Div 395, affd 308 NY 71; see People v McNair, 78 Misc 2d 341; see People v Heath, 77 Misc 2d 215).
It would seem that the cases decided under section 399 are just as controlling as they were before the enactment of CPL 60.22 (subd 1).
*131 It would also seem that since the criterion by which the sufficiency of Grand Jury evidence is judged is whether the evidence would be sufficient, if unexplained or uncontradicted upon a trial, to warrant a conviction by a trial jury (People v Mayo, 36 NY2d 1002; People v Haney, 30 NY2d 328; People v Peetz, 7 NY2d 147; People v Howell, 3 NY2d 672), an indictment based upon the uncorroborated testimony of an accomplice cannot be considered legally sufficient evidence, because a trial jury could not convict on such evidence (see People v Kazmarick, 96 Misc 2d 1024, supra; People v Glowa, 87 Misc 2d 471, supra).
Therefore, the application of the defendant to dismiss the indictment upon the ground that legally insufficient evidence was presented to the Grand Jury is granted, with leave to the People pursuant to GPL 210.45 (subd 9), to resubmit to another Grand Jury if they are in a position to present the necessary corroborative evidence.