OPINION OF THE COURT
Louis B. Scheinman, J.
Defendant moves to dismiss the indictment under CPL 210.20 (subd 1, par [b]) following inspection of the Grand Jury minutes under CPL 210.30 (subd 1) and for "such other and further relief as to this Court may seem just and proper”.
The indictment charges two counts of sodomy in the first degree each under subdivision 3 of section 130.50 of the Penal Law, the victim of both crimes, as the Grand Jury minutes show, being a child under 11 years of age at the time.
Upon arrest pursuant to a warrant, defendant made and *11 signed a confession to these crimes. The only evidence as to the acts constituting the crimes was elicited from the child, from the child’s mother who merely testified as to the age of the child and the fact that the defendant resided in the household, and the aforesaid confession.
Subsequent to indictment, the confession was suppressed pursuant to People v Samuels (49 NY2d 218), as having been obtained in violation of defendant’s right to counsel.
Thus, there was highly prejudicial, improper evidence before the Grand Jury, requiring a dismissal of the indictment pursuant to CPL 210.20 (subd 1, par [c]), that the Grand Jury proceeding was defective within the meaning of CPL 210.35 (subd 5). Said latter section provides that the Grand Jury proceeding is defective when it fails to conform to the requirements of CPL article 190 to such degree that its integrity is impaired and "prejudice to the defendant may result.”
CPL 190.30, governing rules of evidence in Grand Jury proceedings provides in subdivision 1 that the provisions of CPL article 60 are, "where appropriate, applicable to grand jury proceedings.” Of course, CPL 60.45 (subd 2, par [b], cl [ii]) defines an "involuntarily made” confession as one made "in violation of such rights as the defendant may derive from the constitution of this state or of the United States.”
The Samuels (supra) case is an extension of People v Settles (46 NY2d 154), which, on the right to counsel issue, is bottommed on the State and Federal Constitutions.
Hence, the use of the confession obtained from defendant in violation of his constitutional right to counsel contravened CPL article 190, was so highly prejudicial that the integrity of the Grand Jury proceeding was impaired. (See People v Di Falco, 44 NY2d 482; People v Percy, 74 Misc 2d 522, affd 45 AD2d 284, affd 38 NY2d 806.)
Although corroboration of the child’s testimony (Penal Law, § 130.16) may not be required in Grand Jury for indictment (see People v Clarkson, 50 AD2d 903; People v King, 48 AD2d 457), it is possible that said body may not have indicted in this case except for the confession.
It is pointed out that the court has found no cases bearing directly on the situation where a confession shown to the Grand Jury is suppressed postindictment. It would perhaps, therefore, be helpful to state that had there been more evidence of guilt before the Grand Jury aside from the confes *12 sion, sufficient to meet the lesser burden of the prosecution at that stage, that the confession would have been considerably less prejudicial, calling for a different result.
Accordingly, the motion to dismiss the indictment is granted, and the indictment is dismissed pursuant to CPL 210.20 (subd 1, par [c]).
However, under subdivision 4 of said section, the court does hereby authorize the District Attorney to resubmit the charges to another Grand Jury within 30 days.
Pursuant to CPL 210.45 (subd 9), this court orders that the present bail posted by defendant continue pending resubmission of the case to the Grand Jury, the Grand Jury’s disposition thereof, and subsequent proceedings upon the new indictment, if there be one. The securing portion of this order shall continue until the first to occur of any of the events set forth in CPL 210.45 (subd 9, pars [a]-[d]).