Hon. Gordon M. Ambach Commissioner State Education Department
This is in response to your letter in which you ask whether the provisions of section 263 of the Education Law relieve libraries and museums of the obligation of financial reporting to the Office of Charities Registration of the Department of State under Article 7-A of the Executive Law.
Education Law, § 263 (Reports) provides:
 "Every library or museum, other than a school library, which enjoys any exemption from taxation or receives state aid or other privilege not usually accorded to business corporations shall make the report required by section two hundred fifteen of this chapter, and such report shall relieve the institution from making any report now required by statute or charter to be made to the legislature or to any department, court or other authority of the state. These reports shall be summarized and transmitted to the legislature by the regents with the annual reports of the university."
You state that your Department "has been advised by a museum subject to the section 263 requirement that the Department of State construes the word `now' to limit the exception to reports required as of the enactment of or last amendment of section 263 and that, since the section was last amended in 1950 and Article 7-A of the Executive Law was not enacted until 1954, section 263 does not exempt such institutions from filing reports under the Charitable Solicitations Act (Executive Law, Article 7-A)." You further state that the "museum involved takes the position that the word `now' must be construed to refer to reports currently required to be filed, not just those required in 1950."
General Construction Law, § 34 ("now", Art 2, Meaning of Terms) provides:
 "The term now in any provision of a statute referring to other laws in force, or to persons in office, or to any facts or circumstances as existing, relates to the laws in force, or to the person in office, or to the facts or circumstances existing, respectively, immediately before the taking effect of such provision."
The General Construction Law is applicable to every statute "unless its general object, or the context of the language construed or other provisions of law indicate that a different meaning or application" is clearly intended (General Construction Law, § 110; Mtr. of KapsonEnterprises v Planning Bd., 65 A.D.2d 796, 799 [2d Dept, 1978];Southbridge Finishing Co. v Golding, 2 A.D.2d 430 [1st Dept, 1956]).
The context of the language of section 263, and review of its legislative history, do not indicate that a different meaning or application of the word "now" is intended from that required to be given by General Construction Law, § 34. Moreover, the provisions of Executive Law, Article 7-A do not indicate that a different interpretation is required, since they specify who is exempted from its requirements (Executive Law, § 172-a).
In the construction of a statute every word should be given meaning and effect to the extent possible. Each word is presumed to have meaning and to have been inserted for a purpose (McKinney's Statutes, § 231). If section 263 is construed as referring to "reports currently required", the word "now" as used therein, would have no purpose. The Legislature could have accomplished the same result by relieving the institution "from making any report * * * required by statute". Since the Legislature in 1950, when section 263 was last amended, retained the word "now" and was presumed to have known of existing statutes and the reports they required (Peo. v McNair, 78 Misc.2d 341, 342 [Sup Ct, Monroe Co, 1974]; McKinney's Statutes, § 191), it is reasonable to conclude that the section 263 exemption was intended to apply only to reports then required.
For the foregoing reasons, it is our opinion that the provisions of section 263 of the Education Law do not relieve libraries and museums of the obligation of financial reporting to the Office of Charities Registration of the Department of State under Article 7-A of the Executive Law.