■ In the Matter of JAMES F. WOOD, Individually, and as Foreman of the May 1959 Term of the Grand Jury for the County of Schenectady, Petitioner, against CHARLES M. HUGHES, as Justice of the Supreme Court of the Fourth Judicial District of the State of New York, Respondent.— Petitioner, individually and as foreman of the Grand Jury sitting in connection with the May 1959 Term of Supreme Court in Schenectady County, seeks an order compelling respondent in his capacity as Supreme Court Justice who presided at that term, to open and file as a public record a report returned by the Grand Jury and ordered

sealed by respondent. The Attorney-General, representing respondent, has filed objections in point of law to the petition pursuant to section 1293 of the Civil Practice Act. The first objection is that the petitioner fails to allege facts sufficient to entitle petitioner to relief. The real question presented is whether the Grand Jury is vested with any legal authority to present to the court a report which charges no crime or criminal offense, and if it does so whether the court is bound to receive it openly. Beyond constitutional or statutory authority a Grand Jury has no power. The pertinent provisions relating to the existence and powers of a Grand Jury in this State are: section 6 of article I of the Constitution; sections 223, 245, 252 and 253 of the Code of Criminal Procedure. With certain exceptions, not applicable here (dealing with prisoners and jail inspection and corruption of public officers [which would constitute a crime]), we find nothing in the law which authorizes a Grand Jury to deal with anything but criminal acts committed or triable within the county. Not only is express authority lacking to report matters not charging a criminal offense, but nothing may be found which imposes any duty upon the court to accept such a report and openly file it. (*Matter of Grand Jury Assn.* v. *Schweitzer,* 11 A D 2d 761; *Matter of Grand Jury (T.V. Quiz Program),* 19 Misc 2d 682.) Since *Matter of Jones* v. *People* (101 App. Div. 55 [1905]) and before, there has been a wide divergence of authority on this subject. (See 55 Col. L. Rev. 1103.) The only reported case in this department is *Matter of Funston* (133 Misc. 620), wherein Mr. Justice HEFFERNAN observed that such reports or presentments as have been filed have been " tolerated " but not authorized. In any event we think the Justice lawfully designated to preside over a term of the Supreme Court must have discretion in supervising all its functions and in determining what is useful and what might be harmful. The extraordinary remedy of mandamus should not be exercised to interfere with that function unless there is a clear violation of a legal duty, which is not the case here. Motion to dismiss the petition granted, and the petition is dismissed, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.