Leonard L. Finz, J.
The first interesting issue on this motion brought under CPL 210.30 seeking an inspection of the Grand Jury minutes, is the extent to which circumstantial evidence is sufficient to support the indictment.
The defendants stand charged under four counts: (1) burglary in the third degree; (2) criminal possession of stolen property in the second degree; (3) criminal mischief in the fourth degree; and (4) resisting arrest.
Briefly stated, the facts are these:
The defendants were observed within close proximity of a closed furniture store, the glass window of which had been *1088 broken, and from which store three items of furniture had been removed. A police officer in a cruising patrol car, informed by a passing motorist that two men were seen breaking the window of the subject store, proceeded to the location and there observed the defendants loading furniture into a station wagon. The furniture, upon inspection, bore the label of the subject store. Arrests thereafter followed.
The defendants now assert that since there was no direct testimony offered before the Grand Jury to establish that the defendants either entered or remained unlawfully in the subject premises, with intent to commit a crime therein, the burglary indictment must fall. The same contention is advanced relative to the-count of criminal mischief in the fourth degree, which charges the breaking of the glass store window.
A scarcity of decisional law on the specific subject invites this opinion.
Although no direct testimony was offered with respect to the elements of entering or remaining unlawfully — two essential ingredients of burglary in the third degree — there is sufficient proof that the defendants were in possession of the fruits of a crime within the immediate vicinity of the subject premises. (See Knickerbocker v. People, 43 N. Y. 177.) Moreover, the proof appears to be clear and convincing that at the time of the closing of the store at 6:00 p.m. of that day, the store glass window was intact; that two men were seen breaking the glass window; and that at 9:15 p.m. the police officer observed the defendants placing three store-labeled items of furniture into a station wagon approximately 20 feet from the store.
Under all of the factual circumstances, the Grand Jury could draw proper and sufficient inferences which could support their ultimate findings. Stated another way, there was sufficient circumstantial evidence which could be relied upon by the Grand Jury in arriving at its decision to indict the defendants, charging them with burglary in the third degree and criminal mischief in the fourth degree. In this connection, the circumstantial evidence must be clear and convincing — not drawn from an isolated patchwork of unrelated facts, but molded from a homogeneous fabric, born of a logic that compels a natural and reasonable inference. Direct testimony is no longer considered to be innately superior to that of circumstantial evidence. (1 Wig-more, Evidence [3d ed.], § 26.) “ But circumstantial evidence is as nothing unless the inferences to be drawn from the circumstances are logically compelling.” (People v. Cleague, 22 N Y 2d 363, 367.) While it might be better practice to employ *1089 the use of direct testimony when available, its absence (which in this case was occasioned by its nonexistence) however, should not act to prevent the introduction of other testimony, the genesis of which is founded upon reason and common sense.
Returning to the instant case, the application of logic and human experience guides the thread which has as its first stitch the broken glass store window, and as its last, the ultimate fruits of the crime found in the possession of the defendants. Clearly then, the totality of events, if unexplained or uncontradicted, would be legally sufficient to support a conviction under the burglary, possession and criminal mischief counts of the indictment. (People v. Dunleavy, 41 A D 2d 717; People v. Ward, 37 A D 2d 174; People v. Howell, 3 N Y2d 672.) A differing conclusion would suggest that a charge of burglary in the third degree or criminal mischief in the fourth degree could be supported only upon direct eyewitness, fingerprint, or other direct testimony that would place the defendants inside the subject premises. Such a construction is neither consistent with established law (People v. Peters, 43 A D 2d 599) nor compatible with applied logic.
The second interesting issue concerns the fourth count of the indictment charging resisting arrest. In this regard, the Grand Jury minutes are insufficient to support this count. The testimony of the arresting officer was conclusory and not factual. In addition, the concluding statement by the Assistant District Attorney referring to “ the struggling and resisting as the officer — at the time he attempted to place them under arrest ” is totally unsupported by the testimony and is misleading. This was an erroneous instruction and contrary to the provisions of CPL 190.25 (subd. 6) which provides in part: “ Where necessary or appropriate, the court or the district attorney, or both, must instruct the grand jury concerning the law with respect to its duties or any matter before it, and such instructions must be reported in the minutes.” As such, the charge of resisting arrest must be stricken for want of legal sufficiency.
Accordingly, that branch of the motion seeking to dismiss the counts of burglary in the third degree, criminal possession of stolen property in the second degree and criminal mischief in the fourth degree is denied. That branch seeking to dismiss the count of resisting arrest is granted, and is hereby dismissed.