In the Matter of VIRGIL ALESSI et al., Petitioners, v MAURICE H. NADJARI, as Deputy Attorney-General, Special State Prosecutor, Respondent.

First Department, March 27, 1975

*Nancy Rosner* of counsel *(Fisher, Rosner & Scribner,* attorneys), for petitioners.

*Bennett L. Gershman* of counsel *(Allen G. Swan, Barry M. Fallick* and *Joel Cohen* with him on the brief; *Maurice H. Nadjari, Deputy Attorney-General),* for respondent.

*Per Curiam.* Petitioners are persons who have been subpoenaed to appear before a Special and Extraordinary Grand Jury of New York County.

The instant motion to quash the subpoena was made pursuant to subdivision 2 of section 149 of the Judiciary Law and permission to argue the motion directly to this court was granted.

The motion to quash is grounded on the theory that the Grand Jury in question was unconstitutionally impaneled. Its selection was allegedly violative of the equal protection clause of the Fourteenth Amendment of the United States Constitution.

It is urged that the recent US Supreme Court decision in *Taylor v Louisiana* (419 US 522); mandates granting of petitioners' motion.

Preliminarily, we must dispose of two issues before reaching the merits of the application. Firstly, we find that all of the petitioners have standing to challenge the selection of jurors *(Taylor v Louisiana,* 419 US 522, 526; cf. *People v Chestnut,* 26 NY2d 481; *Peters v Kiff,* 407 US 493).

Furthermore, we find the fact that *Taylor* involved selection of a petit jury while the challenge at bar is to a grand jury to be a distinction without practical difference.

While there is no Federal constitutional mandate to have grand juries impaneled in the first instance *(Beck v Washington,* 369 US 541, 545), nonetheless, if a grand jury system is used, it must conform to minimal standards afforded to jury selection in general, especially since in New York grand jurors are selected from the general pool of petit jurors (Judiciary Law, § 609; *People v Chestnut,* 26 NY2d 481, 486–487, *supra* ). Now, to the merits:

*Taylor* involved a Louisiana statute which systematically excluded women from jury duty. Louisiana law provided that women had to take the affirmative step of filing a written declaration with the clerk of the court indicating willingness to serve as jurors before they could be selected for such service (La. Const., art. VII, § 41; La. Code Crim. Pro., art. 402).

The Supreme Court held that the right to a jury drawn from a pool representing a fair cross section of the community is protected by the Sixth and Fourteenth Amendments to the Constitution, and the systematic exclusion of women is violative of those rights.

It is urged by the respondent Special Prosecutor that the New York statute extant at the time of the impaneling of the jury in question did not exclude women from the pool of jurors but merely allowed for a blanket exemption (Judiciary Law, § 599, subd. 7). This blanket exemption of women, it must be noted, was heretofore held constitutionally permissible and was justified by administrative convenience or the historic public policy of a State, though conceivably such exemption could have been narrowed to include only those women who had family responsibilities *(Hoyt v Florida,* 368 US 57, 63). However, the *Taylor* court noted that while *Hoyt* dealt with the right of equal protection, explainable on "merely rational grounds," *Taylor* involved Sixth Amendment rights to a jury trial requiring "weightier reasons" for exclusion of a distinctive class (p 534).

The court then specifically narrowed its prior holding in *Hoyt* by stating (p 537): "Accepting as we do, however, the view that the Sixth Amendment affords the defendant in a criminal trial the opportunity to have the jury drawn from venires representative of the community, we think it is no longer tenable to hold that women as a class may be excluded or given automatic exemptions based solely on sex if the consequence is that criminal jury venires are almost totally male. To this extent we cannot follow the contrary implications of the prior cases, including *Hoyt v Florida.*"

There might be some validity to the argument of the petitioners were it not for the fact that, approximately one week after the *Taylor* case was decided, the Supreme Court of the United States decided *Daniel v Louisiana* (420 US 31). The court in *Daniel* denied retroactive applicability of *Taylor* to cases involving juries "empanelled prior to the date of that *[Taylor]* decision" (p 32). The court stated that it would not undermine the reliance of law enforcement officials on prior Supreme Court decisions in structuring their criminal justice systems, since retroactive application of *Taylor* would do little to "vindicate the Sixth Amendment interest at stake and would have a substantial impact on the administration of criminal justice in Louisiana and in other States whose past procedures have not produced jury venires that comport with the requirement enunciated in Taylor" *(Daniel v Louisiana,* 420 US 31, 33).

This rationale is equally applicable to both petit juries as well as to ongoing grand jury investigations.

Finally, we must observe that it would be of little moment to declare the New York statute prospectively unconstitutional since we note that the automatic exemption of women from appearing for jury duty has been repealed (L. 1975, ch. 4).

Accordingly, the motion to quash the subpoenas is denied and the interim stay is hereby vacated.

MARKEWICH, J. P., KUPFERMAN, LUPIANO and LANE, JJ., concur.

Motion to quash certain subpoenas denied, and the stay dated March 3, 1975, affixed to the notice of motion, is vacated.