John J. Callahan, J.
The defendant by notice of motion seeks a verified bill of particulars specifying factual information set forth and the defendant further seeks an order dismissing the indictment against the defendant upon the grounds that the October, 1973 Grand Jury of Erie County was illegally and unlawfully constituted and that the Grand Jury before whom the testimony was given was not competent to administer the oath or enter upon the investigation.
On the return date of said motion, the same being controverted by the District Attorney, arguments were heard consisting of the defendant’s attorney and the District Attorney.
The defendant’s motion as to the bill of particulars with regard to the discovery of names of the witnesses and the periods of time involved in the alleged crimes is granted. The reason for this is that some of the periods of time involved in the indictment may be events which occurred seven or eight years ago.
The defendant’s attorney further argued that the October, 1973 Grand Jury was illegally and unlawfully constituted and that the Grand Jury before whom the testimony was given *910 was therefore not competent to administer the oath or to enter upon the investigation.
The background of this segment of the defendant’s motion is as follows: The defendant testified before the October, 1973 Grand Jury with regard to the investigation of Cheektowaga. On June 27, 1974, Justice Gilbert H. King rendered a decision in People v Attica Bros. (79 Misc 2d 492). This decision struck the Erie County Jury pool as it existed prior to January 1, 1974. The reason for declaring the jury pool improperly constituted was a finding (p 498) by Justice King that "there was systematic exclusion of students as a class and deliberate exclusion of women constituting discrimination contrary to law”.
The Grand Jury before which the defendant testified in this case was chosen prior to January 1, 1974 from the jury pool which Justice King found to be invalidly constituted, and since the jury pool has been found to be improperly constituted, counsel for the defendant argues that the Grand Jury before which the defendant testified was also improperly constituted and, therefore, was without the authority to administer the oath or enter upon the investigation.
The defendant’s counsel states in his memorandum in support of the motion "The October 1973 Erie County Grand Jury was drawn from that pool and is therefore an invalid body inasmuch as it was created contrary to the provisions of Law.” He states no further facts or supporting reasons for the assumption that the defendant has been denied any constitutional rights or has been discriminated against in any fashion.
The validity of the Erie County Grand Jury at issue in this case has been upheld in the case of People v Wroblewski. On August 26, 1974, Justice Ricotta held that: "Since women were in fact included in the Grand Jury and since the exclusion of a class referred to as 'students’ is not significant, the Court does not believe that the Grand Jury which indicted the defendants was improperly constituted, nor were the constitutional rights of the defendants violated. Any error that may have occurred in the selection of the jury can be classified as harmless and not violative of any fundamental rights.”
Following this decision, Justice Ricotta’s ruling was challenged in an article 78 proceeding. The Appellate Division, Fourth Department held that such a proceeding was not the proper vehicle for review of Justice Ricotta’s decision. (Matter of Wroblewski v Ricotta, 45 AD2d 461.) The Court of *911 Appeals in affirming the ruling of the Appellate Division stated a review of Justice Ricotta’s decision would be only after a trial judgment of conviction. (Matter of Wroblewski v Ricotta, 35 NY2d 745.)
In January, 1975, at the request of the Erie County District Attorney, the Appellate Division, Fourth Department gave its permission to empanel a new Grand Jury to continue the investigation carried on by the October, 1973 Grand Jury. At this point, motions were renewed on the same grounds attacking the validity of the October, 1973 Grand Jury.
In a memorandum decision, Justice Frederick M. Marshall held that Justice Ricotta’s decision regarding the October, 1973 Grand Jury was the "decisional law of the forum” and denied the motion to dismiss.
The First Department has stated on this question in Alessi v Nadjari (47 AD2d 189, 192):
"The court stated that it would not undermine the reliance of law enforcement officials on prior Supreme Court decisions in structuring their criminal justice systems, since retroactive application of Taylor would do little to 'vindicate the Sixth Amendment interest at stake and would have a substantial impact on the administration of criminal justice in Louisiana and in other States whose past procedures have not produced jury venires that comport with the requirement enunciated in Taylor’ (Daniel v Louisiana, 420 US 31).
"This rationale is equally applicable to both petit juries as well as to ongoing grand jury investigations.
"Finally, we must observe that it would be of little moment to declare the New York statute prospectively unconstitutional since we note that the automatic exemption of women from appearing for jury duty has been repealed (L. 1975, ch. 4).”
Accordingly the motion to dismiss the indictment is denied.