Melvyn Tanenbaum, J.
Defendant, an attorney, was indicted on November 30, 1971 in a nine-count consolidated instrument (eight counts under No. 1316-71 and one count under No. 1338-71). He was the executor attorney of the estate of his deceased law partner, Paul N. Weterbeke, Sr. Seven of the counts concerned larceny[1] of estate property and one concerned perjury in an examination before trial in a Surrogate’s Court proceeding to revoke letters testamentary. The remaining count, forgery in the second degree, concerned a corporate client, Dinko, Inc.
On November 12, 1974, following a substitution of counsel on the eve of the trial, defendant moved to inspect the Grand Jury minutes and for a dismissal thereof on the grounds of insufficiency. The court granted the motion for inspection (on the trial record) and following such inspection denied the motion to dismiss.
On March 24, 1975, following another substitution of counsel, defendant moved for a further inspection of the Grand Jury minutes and for a dismissal of the indictment, claiming that the District Attorney failed to provide legal instructions in the form of a charge to the Grand Jury recorded in minutes, thus rendering their proceedings fatally defective (CPL 190.25, subd 6; 210.20, subd 1, par [c] and 210.35, subds *768 1, 5) and upon the further basis that the Grand Jury was unconstitutionally empaneled by reason of the systematic exclusion of women.
A hearing was held on the motion. The only witness at such hearing was the Assistant District Attorney who submitted the evidence to the Grand Jury. He testified that the evidence on counts one through eight, consisting of the testimony of 15 witnesses and exhibits, was presented on November 18, 1971 and his charge to the Grand Jury consisted of a reading of the definition of perjury in the first degree in section 210.15 of the Penal Law. He then instructed the Grand Jury as follows:
"These are the counts the people óf Suffolk County have presented today to the grand jury which we request you to consider against William F. Mackey, Jr., executor of the estate of Paul N. Westerbeke.
"The First Count for the grand jury is Grand Larceny, Second Degree, violation of 155.35 of the Penal Law, alleged to be committed as follows: The defendant, in the County of Suffolk, on or about or between July 21, 1969 and August 2, 1969, stole certain property consisting of United States currency in the amount exceeding five thousand dollars, to wit, approximately twenty-six thousand dollars in United States currency”.
The remaining instructions are in similar form and denominated successively as counts, second through eighth.[2] The *769 substantive portion of each particular count was thereafter adopted by the Grand Jury.
He further testified that there were no instructions concerning the degrees of grand larceny, the definitions of specific words used in the statute defining particular degrees of larceny or corroboration in the case of perjury. There were no instructions covering the defendant’s status, rights, powers and duties in his capacity as executor of the estate of Paul N. Westerbeke, Sr., although the decedent’s will was an exhibit before the Grand Jury.
Thereafter on November 24, 1971, evidence was submitted to the Grand Jury by the same Assistant District Attorney under presentation 1338-71. One witness testified, the testimony encompassing approximately 37 pages.
The same District Attorney testified that the instructions given to the Grand Jury concerning count nine (forgery in the second degree) consisted of reading one statute from McKinney’s, in part, and two other statutes regarding forgery "without adding anything to it”. The District Attorney did not specify which sections of the forgery statute were read to the Grand Jury.
The right to be prosecuted by a Grand Jury for a felony, flows directly from the Constitution and is a matter of substantive due process (NY Const, art I, §6; Boyes v United States, 370 US 948).
"The awful instrument of the criminal law cannot be entrusted to a single functionary. The complicated process of criminal justice is therefore divided into different parts, responsibility for which is separately vested in the various participants upon whom the criminal law relies for its vindication”. (McNabb v United States, 318 US 332, 343, quoted with approval in Gerstein v Pugh, 420 US 103, 118.)
The interposition of the independent judgment of a Grand Jury "is attributable to the grand jury’s relationship to the courts and its historical role of protecting individuals from unjust prosecution”. (See Gerstein v Pugh, supra, p 117, n 19; United States v Calandra, 414 US 338.)
Acting as an " 'arm of the court’ ” (Matter of Spector v Allen, 281 NY 251; People v Ianniello, 21 NY2d 418, 424) the Grand Jury has no powers beyond those granted by the Constitution or statutes (Matter of Wood v Hughes, 11 AD2d *770 893, affd 9 NY2d 144; see, also, People ex rel. Van Der Beek v McCloskey, 18 AD2d 205). To assure due process during Grand Jury proceedings, CPL 190.25 (subd 6) provides that where necessary or appropriate, as in the case at bar "the court or the district attorney, or both, must instruct the grand jury concerning the law with respect to its duties or any matter before it, and such instruction must be recorded in the minutes”.
The standard to be met by petit jury instructions, that they contain "an adequate statement of the law to guide the jury’s determination” (United States v Park, 421 US 658), applies with equal force to Grand Jury instructions.
Although the record established the indictment was not induced by prosecutorial zeal or prosecutorial misconduct and the evidence was sufficient to support the indictment, the People were unable to establish that a proper charge was delivered to the Grand Jury (CPL 190.25, subd 6; People v Dingle, 70 Misc 2d 840; People v Martin, 78 Misc 2d 1087; People v Hargrove, 80 Misc 2d 317). Thus the issue is not whether adequate but unrecorded instructions were given to the Grand Jury as in People v Percy (45 AD2d 284).
The District Attorney’s failure to properly instruct the Grand Jury was not a mere irregularity or a harmless procedural defect (People v Rallo, 46 AD2d 518; People v White, 44 AD2d 749). It constituted a substantive prejudicial denial of due process rendering the Grand Jury proceedings defective (CPL 210.35, subd 5).
Defendant’s remaining contention that the Grand Jury was unconstitutionally constituted, is without merit. (Daniel v Louisiana, 420 US 31; Taylor v Louisiana, 419 US 522; Matter of Alessi v Nadjari, 47 AD2d 189.)
Defendant’s motion to dismiss the indictment is granted, with leave to the People to resubmit to another Grand Jury.

. Grand larceny in the second degree (six counts) and grand larceny in the third degree (one count).

. The witness explained the submission by "counts” as follows:
"Well, a count in an indictment is a separate charge, of course. And the jury finds by counts. And in a multiple — I don’t want to use the word multiple count indictment, but a multiple larceny type of indictment, the word counts was used so that the separate larcenies which must be found count by count could be found and related to the evidence presented to the grand jury. Otherwise I think it would have been rather confusing for them * * *
"Yes, by using this technique. Which I used in this particular instance. We went count by count. So that they would have a clear indication of what date was involved in the various larcenies. Because there are about seven of them and there was evidence in — introduced, checks, et cetera, to which testimony was adduced, and it was necessary for the grand jury to separate the various counts, the various crimes of larceny, one from another.
"No, that’s not true. I did not present separate counts. I presented evidence in a continuous form which is readily available for anybody to inspect. They were not presented count by count. It was only in the charge that I thought it necessary because of the multiple counts to at that point delineate them to assist the jury. So that they wouldn’t be totally confused by the seven larceny counts. * * *
"No. And the — I wouldn’t use — it was not presented in the form of counts. It was a continuous flow of testimony as exhibited in the grand jury minutes 1316-71. It was only in the charge that I broke it down into incidents that I felt would assist them in reaching their determination.”