■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM CLARKSON, Respondent.—Appeal by the People, as limited by their brief, from an order of the County Court, Rockland County, dated July 31, 1975, which granted defendant's omnibus motion to dismiss the indictment, except from so much thereof as dismissed Counts 5 and 70 of the indictment. Order modified, on the law, by deleting so much thereof as dismisses the first, second, third, fourth and sixth counts of the indictment (which charge bribe receiving in the second degree) and motion denied as to those counts. As so modified, order affirmed insofar as appealed from. The bribe receiving counts were dismissed for legal insufficiency on the ground that the road test applicants were bribe givers; they were therefore regarded as accomplices whose testimony was not corroborated. In our opinion, these counts should not have been dismissed. The Grand Jury minutes show that defendant signed the subject road test reports certifying that a named applicant (1) had taken the road test, (2) had used the plate numbers listed in the application and (3) had passed the road test. The Grand Jury also heard testimony from the owners of these plates (who were not the road test applicants). These plate owners testified to the effect that their plates had *not* been used in the road tests. There is no evidence that these plate owners were accomplices. Thus, a jury could find that, with respect to the bribe receiving counts, there was sufficient corroboration by nonaccomplice testimony. We conclude that the evidence as to these counts was sufficient to meet the standards set forth in CPL 190.65 (subd 1): "Subject to the rules prescribing the kinds of offenses which may be charged in an indictment, a grand jury may indict a person for an offense when (a) the evidence before it is legally sufficient to establish that such person committed such offense and (b) competent and admissible evidence before it provides reasonable cause to believe that such person committed such offense." In his decision at bar, the County Court Judge, in commenting upon the Grand Jury minutes, stated: "The District Attorney is, however, granted leave to resubmit this case with additional evidence, if such exists, to the Grand Jury in accordance with

CPL 210.45. 'Parenthetically nowhere does it appear in the Grand Jury minutes that the District Attorney, as legal advisor to that body, ever instructed the Grand Jury as to the requirements of CPL 60.22 relating to accomplice testimony. In my view this is the type of case where it is both "necessary" and "appropriate" for the District Attorney to "instruct the grand jury concerning the law" (CPL 190.25, subd 6).' " As noted, however, the minutes *do* contain corroborative evidence with respect to the bribe receiving counts. Further, unlike *People v Percy* (45 AD2d 284) (where we considered the effect of a failure to record the instructions given the Grand Jury by the prosecutor), this case was relatively simple and comes within our statement in *Percy* that (p 286): "Many presentations to grand juries in uncomplicated cases amount to but a relatively few pages. In such cases, if the proof is clear and the charge established, there is virtually no likelihood of prejudice if the prosecutor's instructions are not recorded. No good purpose would be served in those cases in dismissing the indictment and resubmitting the matter to another grand jury." Finally, we note that CPL 60.22 (subd 1) provides that: "A defendant may not be *convicted* of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense" (emphasis supplied). Thus, while CPL 60.22 (subd 1) precludes *conviction* without the necessary corroboration of accomplice testimony, that is not a necessary prerequisite for *indictment* where the evidence otherwise meets the standard set forth in CPL 190.65, (subd 1) (cf. Code Crim. Pro., § 251; *People v Nitzberg,* 289 NY 523; *People v Cilento,* 2 NY2d 55, 62–63). We have examined defendant's other contentions but find them to be without merit. Martuscello, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.