Oscar Murov, J.
This is a motion to dismiss the indictment pursuant to CPL 210.20 (subd 1, par [c]) upon the grounds the integrity of the Grand Jury proceeding was impaired (CPL 210.35, subd 5) when the Grand Jury was improperly charged upon the law by the District Attorney presenting the case.
Defendants contend that the prosecutor’s instructions on the law left the Grand Jury only the choice to indict for either first or second degree criminal possession of stolen property and that the said Grand Jury was not informed at all that it was empowered to vote not to indict by returning a no true bill.
*670 The People argue in opposition that the Grand Jury was adequately informed of its duties both by oral instructions from the impaneling Judge and by printed copies of CPL article 190 which were distributed amongst the members of the Grand Jury by direction of the court pursuant to CPL 190.20 (subd 5). The court would agree.
A stenographic transcript of the minutes of the court’s charge submitted with the opposition papers discloses that the impaneling court commenced its charge to the panel by directing that printed copies of CPL article 190 be distributed amongst the members. The court then delivered an eloquent and inspired recital of the history of, and the principles behind, the Grand Jury procedure in the United States. The central theme of this part of the charge stressed the role the Grand Jury played as a buffer between the people and oppressive government. The court concluded this portion of the address by admonishing the panel to hold the prosecutor to the burden imposed upon him by law, to act accordingly if they believed he met the burden, and to take other appropriate action if they believed "something else must be done”.
"It appears to reason that since the Grand Jury is comprised of lay citizenry of this State who, although presumed to know the law, are not necessarily familiar with each and every nuance of the law, whether it be decisional or statutory, that when the statute (CPL 190.25, subd 6) states '[w]here necessary or appropriate, the court or the district attorney, or both, must instruct the grand jury concerning the law * * * and such instructions must be recorded in the minutes’ (emphasis added), that for all intents and purposes a Grand Jury should properly be instructed concerning the law either by the court or by the District Attorney in each case so as to guide them in their deliberations.” (People v Randolph, 88 Misc 2d 193, 194; see, also, People v Colebut, 86 Misc 2d 729; People v Mackey, 82 Misc 2d 766; People v Adams, 81 Misc 2d 528; People v Martin, 78 Misc 2d 1087; People v Percy, 74 Misc 2d 522, affd 45 AD2d 284, affd 38 NY2d 806; CPL 190.25, subd 6.)
Traditionally, the court instructs the Grand Jury with respect to the law concerning its duties and advises them when requested (People ex rel. Childs v Knott, 187 App Div 604). The court would not ordinarily be expected to know at the time of the impaneling which matters will be presented to the Grand Jury and what evidence will be adduced with respect to such unknown matters. Hence, it is logically left to *671 the District Attorney to give instructions as a matter of course with respect to the significance, legal effect or evaluation of evidence. (People v Filis, 87 Misc 2d 1067; CPL 190.30, subd 6.) While the CPL permits the overlapping of these functions, it does not require that they be duplicated. (See CPL 190.25, subd 6; 190.20, subd 5; 190.30, subds 5, 6.)
Defendants cite four cases as holding that dismissal of the indictment is warranted where the charge before the Grand Jury was incomplete (People v Percy, 45 AD2d 284, supra; People v Mackey, supra; People v Dingle, 70 Misc 2d 840; People v Hargrove, 80 Misc 2d 317). In at least three of the cases cited, no legal adviser gave necessary and/or appropriate instructions concerning evidence adduced at the presentment. Thus in Mackey, instructions consisting of nothing more than a factual statement of the crime alleged in the indictment together with a reading of parts of three statutes was deemed inadequate. In Hargrove, the record was found to be devoid of instructions to the jurors that evidence of defendants’ prior convictions was admitted for the limited purpose of demonstrating testimonial unworthiness and that it could not be used as substantive proof. In Dingle, after determining the indictment would be dismissed for insufficiency of corroborative evidence, the court parenthetically remarked that it considered instructions to the Grand Jury on this subject to be "necessary” and "appropriate” (cf. People v Clarkson, 50 AD2d 903).
The fourth case cited by the defendants, People v Percy (supra) relates not to incomplete, but to unrecorded, instructions.
None of the cases cited considered the advisability or requirement of duplicating the court’s charge relating to the duties of the Grand Jury. People v Colebut (86 Misc 2d 729) envisioned a circumstance whereby a defendant might be indicted by the affirmative vote of 12 grand jurors where some amongst them had not heard all the essential and critical evidence. The court thereupon proposed a procedure (p 735) whereby the court, upon impaneling the Grand Jury, and the prosecutor in his instructions immediately prior to the vote, would both charge "that those grand jurors who join in an [affirmative vote] must have been present and must have heard the essential and critical evidence.” Prosecutors were admonished that all future indictments would be found to be a *672 violation of CPL article 190 unless they repeated the subject instruction.
In effect the Colebut procedure seeks to reconcile the minimum requirements for voting an indictment as set forth in CPL 190.25 (subd 1) (the vote of 12 grand jurors) with that pronounced in People v Brinkman (309 NY 974 [the vote of 12 grand jurors who heard all essential and critical evidence]). No such ameliatory measures are required so far as CPL 190.60 is concerned.
Accordingly, it is determined herein that the Grand Jury was sufficiently informed by the impaneling court with respect to its duties, powers and options and required no further instructions from the District Attorney upon the subject in question.
Defendants’ motion for an order dismissing the indictment is denied.