OPINION OF THE COURT
Nat H. Hentel, J.
facts
In January, 1978, defendant was indicted by a Kings County Grand Jury and charged with the crimes of robbery in the first degree, robbery in the second degree, grand larceny in the third degree, and criminal possession of a weapon in the third degree. After all pretrial motions and hearings were concluded in April of 1979, defendant was tried by a jury commencing on May 4, 1979. The trial was aborted on the *445 17th day of trial when the jurors became hopelessly deadlocked. On May 16, 1979, the jury was discharged on consent. The present motions were made returnable more than three and one-half months after the discharge of the first trial jury on September 5, 1979, and on the very eve of defendant’s retrial.
At this time, defense counsel claims he first became aware of a motion pending before Mr. Justice Kreindler, Kings County Supreme Court, which motion had been initiated by one of defense counsel’s colleagues in the Legal Aid Society office. The issue involved in the latter motion is to determine if there was an alleged underrepresentation of Hispanics and women on Kings County Grand Jury panels as the result of improper administration of the Judiciary Law. Defense counsel requested a hearing on the same issue in this case, or, in the alternative, an adjournment of trial to await the outcome of Justice Kreindler’s decision.
It is defense counsel’s position that, although this present motion is being brought well past the 45-day limit allotted for pretrial omnibus motions, nevertheless, CPL 255.20 (subd 3) allows the court to "entertain and dispose of the motion on the merits” in its discretion, and in the interest of justice.
CONCLUSIONS OF LAW
From a reading of the statutes and applicable case law, this court finds that the liberal considerations provided for under CPL 255.20 were not designed to cover the subject matter of defendant’s motion. The New York Legislature has made it clear that any challenge to a trial jury panel must be made in writing, and "before the selection of the jury commences,” otherwise it is deemed waived (CPL 270.10, subd 2). Defendant argues that strict compliance with this statute does not mandate that a challenge to the composition of the Grand Jury, based upon constitutional grounds, falls under the same restrictions. While it is true that the Legislature has not enacted a statute comparable to CPL 270.10, to cover a challenge to the Grand Jury, both reason and the Court of Appeals compel the conclusion that both of these motions be treated in the same fashion.
In New York State, unlike other States, the selection of petit and grand jurors are interrelated and drawn from the same general pool. For this reason challenges to either one are considered by the same standards (see Matter of Alessi v *446 Nadjari, 47 AD2d 189; People v Rosado, 89 Misc 2d 61, and People v Bartlett, 89 Misc 2d 874).
Logic cannot be made to accommodate the notion that, at a certain point in time, a defendant loses his right to challenge the composition of the petit jury made up of the ultimate triers of the facts of his case, but retains, seemingly forever, the right to challenge the composition of the Grand Jury when both petit and grand jurors come from the same source. In December, 1976, Judge Jasen of the Court of Appeals in People v Huffman (41 NY2d 29, at p 35) held: "Defendant, prior to selection of the trial jury, submitted a written motion challenging the composition of both the Grand Jury that indicted him and the jury panel from which the trial jury was to be selected. This motion, predicated upon Taylor v Louisiana (419 US 522) was based upon the allegation that New York had unconstitutionally excluded women from jury service. While the motion was effective to raise a challenge to the jury panel (CPL 270.10), the motion did not preserve a challenge to the composition of the Grand Jury, an issue previously waived as a result of defendant’s failure to make a timely motion to dismiss the indictment (CPL 210.20, 210.35; Birch v Wilson, 40 NY2d 1078).” (Emphasis supplied.)
This is an inescapable comparison between the Huffman case and People v Consolazio (40 NY2d 446, at p 455) decided one year earlier by the Court of Appeals pursuant to a motion brought under CPL 270.10. After deciding the motion was untimely made in that case Judge Jones said: "In this circumstance, irrespective of the willingness of the trial court to consider the motion on the merits, the error if any in the denial of the motion was not preserved for our review. We accord no substance to appellant’s further contention that his challenge was predicated on constitutional grounds and that the strictures of CPL 270.10 (subd 1) apply only to challenges based on 'departure from the requirements of the judiciary law’. We read CPL 270.10 (subd 2) as intended by the Legislature to govern all challenges to the panel, whatever may be the particular ground advanced. ” (Emphasis supplied.)*
Apparently, the Legislature grants a defendant additional time in some cases (just prior to selection of the petit jury) in order to challenge the makeup of the petit jury, but requires *447 strict compliance with the 45-day limitation on omnibus motions where a challenge to the composition of the Grand Jury is enunciated.
In addition, there is no valid purpose to be served by delaying this defendant’s trial until Mr. Justice Kreindler decides the motion pending before him. Assuming, arguendo, that Justice Kreindler decides that women and Hispanics were underrepresented in Kings County Grand Jury panels due to an improper administration of the Judiciary Law, then there is no reason to believe that such decision would be retroactively applicable to a jury impaneled prior to the date of this decision. (See Daniel v Louisiana, 420 US 31; Matter of Alessi v Nadjari, 47 AD2d 189, supra, and People v Bartlett, 89 NY2d 874, 877, supra.)
The court has reviewed Rose v Mitchell (443 US 545) cited by defense counsel and finds it to be inapplicable. This is an unusual case brought in the United States Court of Appeals (CA 6th) and decided in 1979. It involves a Grand Jury system in Tennessee where the State’s Trial Judges appoint the individuals who serve extended appointments as foremen of the Grand Juries, for a minimum of two years. The same State Judges later may be required to review allegations of alleged racial discrimination where blacks have been excluded from these appointments. For this reason, the United States Circuit Court decided to intervene, even after conviction, on the ground that Tennessee failed to provide a system of review which would afford fairness and due process. Even in this case, it must be noted that the motion was initiated timely at the outset.
For all of these reasons, the court holds these motions to be untimely made, and denies them in their entirety.

 In Consolazio (40 NY2d 446, supra) defendant made an oral motion before jury selection began, followed by a written motion añer selection of the jury had been completed but before any witnesses had been sworn.