OPINION OF THE COURT
Stuart Namm, J.
The defendant, Penelope Loizides, was charged with the commission of perjury in the first degree (Penal Law, § 210.15) arising out of a murder trial involving the death of her two-year-old infant. During her trial by jury, after several witnesses had testified on behalf of the prosecution, the defendant orally moved for the dismissal of the indictment contending that the District Attorney had failed to instruct the Grand Jury which had indicted her concerning the law with respect to the requirement of corroboration in a prosecution for perjury. (Penal Law, § 210.50.) After oral argument by both counsel, this court granted the defen *335 dant’s request and dismissed the indictment as a matter of law. While the reasons therefor were placed upon the trial record, this decision is written in further explanation of the trial ruling made by the court.
Prior to the start of this trial, another Judge of the Suffolk County Court had examined in camera the stenographic minutes of the proceedings before the Grand Jury which indicted the defendant and determined that the evidence adduced before that body was legally sufficient to support the charge of peijury in the first degree, or a lesser included offense thereof. Accordingly, that court denied the application of the defendant to dismiss the instant indictment upon the ground that the evidence presented to the Grand Jury was not legally sufficient to sustain the indictment. Thereafter, the matter was assigned to this court for trial which commenced with the selection of a jury. (CPL 1.20, subd 11.)
As part of the People’s direct case, and after several witnesses testified, the Assistant District Attorney who presented this matter to the Grand Jury was called as a witness. He testified that he had also prosecuted the murder trial, and he related the defendant’s testimony as a witness for the prosecution at the trial of her boyfriend, Raymond O’Hare, for the murder of her child. Prior to her testimony at the O’Hare murder trial, the defendant had likewise been called as a witness before the Grand Jury which subsequently indicted O’Hare. The theory of the prosecution herein was that the defendant’s testimony at the murder trial was in direct contradiction of her testimony given before the Grand Jury which had indicted her boyfriend, that such testimony was material to the question of the guilt of Raymond O’Hare, and was intentionally perjurious.
At the conclusion of the direct testimony of the Assistant District Attorney, this court granted the defendant’s request that she be provided with a copy of any prior statements made by him, including any statements which were made by him as the legal advisor to the Grand Jury which indicted her. Accordingly, the court directed that the Grand Jury minutes be turned over to the defendant as Rosario material. (CPL 240.45, subd 1; 190.25, subd 6.)
*336 After a review of the stenographic minutes of the Grand Jury proceedings, the defendant then made an oral application to the court to dismiss the indictment, contending that the District Attorney, as the legal advisor to the Grand Jury, had omitted to instruct them as to the legal requirement of corroboration in a perjury prosecution, i.e., that the falsity of a statement may not be established by the uncorroborated testimony of a single witness. (Penal Law, § 210.50.)
PROCEDURAL OBJECTIONS OF THE PEOPLE
The initial argument which was advanced by the prosecution, that the application to dismiss the indictment was not timely since the defendant had failed to comply with the 45-day pretrial motion time limit set forth in CPL 255.20, is unpersuasive and without merit. A court is empowered to, and indeed must entertain and decide on its merits, at any time before the end of trial, any appropriate pretrial motion, even if not made within the requisite 45-day period, based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised within such time period. (CPL 255.20, subd 3.)
While the instant application would have been an appropriate pretrial motion (CPL 210.35, subd 5), the court recognizes that the first opportunity the defendant had to view the Grand Jury minutes and to discover the apparent oversight, was when this court granted the defendant’s request that the same be turned over to her as Rosario material. Accordingly, there exists more than sufficient “good cause” to entertain this application on its merits. (People v De Ruggiero, 96 Misc 2d 458, 459.)
The further contention by the People that the defendant should have anticipated the omission in the legal instructions given to the Grand Jury suggests a return to the ancient practice of submitting voluminous “boiler plate” omnibus motions which are unfounded, and which clearly serve no purpose other than to impede the pace of the early adjudication of a criminal action, and to delay the speedy trial to which a defendant is entitled. Such a practice only encourages the submission of unnecessary pretrial applica *337 tions without adequate grounds therefor, in order to prevent a claim of a waiver by the prosecution, and is contrary to the legislative spirit embodied in CPL article 240, mandating voluntary pretrial disclosure between the parties in an effort to avoid the motion practice urged by the People. (See Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 240.10.)
It is also argued that the application is procedurally defective since CPL 210.45 requires that a motion to dismiss an indictment must be in writing and upon reasonable notice to the People. For this court to deny the defendant’s application for such a reason would defy common sense and logic, when the same had been made during the course of a jury trial. (People v De Ruggiero, supra.)
The legal issue presented to this court was clearly framed despite its oral presentation, and the facts needed to resolve the question were conceded by the People to be true. The desire of the court and the need to promptly rule on the application without delaying a jury trial certainly obviates the need for a formal written motion.
MERITS OF THE APPLICATION
Section 210.50 of the Penal Law provides in relevant part: “In any prosecution for perjury * * * falsity of a statement may not be established by the uncorroborated testimony of a single witness.” A trial court must charge this corroboration statute if requested by a defendant, and the failure to so charge does not constitute harmless error. (People v Le Mieux, 51 NY2d 981.)
In the context of a Grand Jury proceeding, the legal advisor thereof includes the District Attorney who is obligated, where necessary or appropriate, to instruct that body concerning the law with respect to any matter before it. (CPL 190.25, subd 6.) Although it need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law, the District Attorney must nevertheless provide the Grand Jury with enough information to enable it to intelligently decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime. (People v Calbud, Inc., 49 NY2d 389, *338 394-395; emphasis added.) Inadequate or incomplete legal instructions to the Grand Jury may constitute grounds for the dismissal of an indictment as defective under CPL 210.35 (subd. 5). (People v Calbud, Inc., supra, at pp 395, 396.)
The law authorizes an indictment by a Grand Jury when the evidence before it is legally sufficient to establish that a person committed the offense charged, “provided however, such evidence is not legally sufficient when corroboration that would be required, as a matter of law, to sustain a conviction for such offense is absent”. (CPL 190.65, subd 1, par [a].)
Failure to charge corroboration in the context of a perjury prosecution to a Grand Jury has been held to be a substantive denial of due process. (People v Mackey, 82 Misc 2d 766, 770.) Further, the failure to provide the requisite corroboration by the Grand Jury constitutes insufficiency as a matter of law. (People u Pawley, 71 AD2d 307.)
Accordingly, this court concludes that the failure of the District Attorney to provide legal instructions to the Grand Jury, which were necessary and appropriate concerning the law of corroboration (Penal Law, § 210.50), impaired the integrity of that body’s deliberations to the prejudice of the defendant, thereby rendering the Grand Jury proceeding defective within the meaning of CPL 210.20 (subd 1, par [c]).
This court is not unaware of the apparent contradictory holding in two appellate decisions, but the same are readily distinguishable. In People v Clarkson (50 AD2d 903), the Second Department held that the failure of the District Attorney to instruct the Grand Jury as to the requirements of CPL 60.22 as it related to accomplice testimony did not warrant the dismissal of an indictment. “Thus, while CPL 60.22 (subd 1) precludes conviction without the necessary corroboration of accomplice testimony, that is not a necessary prerequisite for indictment where the evidence otherwise meets the standard set forth in CPL 190.65 (subd 1)”. (People v Clarkson, supra, at p 904.)
Clarkson (supra) was subsequently relied upon by the Fourth Department in People v Rex (83 AD2d 753) in *339 reinstating an indictment which had been dismissed because the District Attorney failed to instruct the Grand Jury of the necessity to corroborate the defendant’s confession and an accomplice’s written statement. (CPL 60.50, 60.22.)
Both of the decisions, however, were rendered prior to the amendment of CPL 190.65 (subd 1) (L 1983, ch 28, eff April 5, 1983). That amendment added the caveat that evidence before a Grand Jury “is not legally sufficient when corroboration that would be required, as a matter of law, to sustain a conviction for such offense is absent.” (L 1983, ch 28, § 1.) Thus, the amendment established the same quantum of proof as to corroboration for indictment as for conviction where corroboration is required by law. The legislative intent as stated by the Judicial Conference was to insure “that corroborative evidence must be presented to the grand jury in all cases where it would be necessary to sustain a conviction at trial.” (Mem, McKinney’s Session Laws of NY, 1983, p 3009.)
Clarkson (supra) was likewise distinguished prior to the statutory change in People v Pawley {supra, at p 312) where the court stated: “The accomplice testimony rule is not (unlike the corroboration requirements for perjury and sex crimes) a substantive provision in the Penal Law pertaining to requirements for proof of certain types of crimes.” Moreover, it is interesting to note that the provisions of law requiring the corroboration of accomplice testimony and a defendant’s confession or admission (CPL 60.22, 60.50) appear as evidentiary procedural requirements, whereas, the requirement of corroboration in a perjury or a sex offense prosecution is made part of the substantive article defining the crime itself. (Penal Law, §§ 210.50, 130.16.) Such substantive nature was the distinguishing feature noted in Pawley (supra, at p 312), and the basis for the court’s opposite result.
In resolving this issue, the court has not considered whether or not, as a matter of law, corroboration of the testimony of the three witnesses who appeared before the Grand Jury existed despite the failure to instruct the grand jurors as to the requirements of section 210.50 of the Penal Law. This court cannot speculate that the Grand *340 Jury would have indicted the defendant had such instruction been given to them. Although three witnesses testified before the Grand Jury, which indicted the defendant, it is entirely conceivable that not all of the witnesses were believed to be credible by them which, in the absence of appropriate legal instructions, could have caused the defendant to be indicted without the requisite corroboration.
Finally, the court is compelled to address two additional points raised by the People: that (1) the doctrine of “law of the case” forecloses the granting of the instant application by this court and (2) the commencement of the trial is deemed a “waiver” of any defects in the Grand Jury process inasmuch as the defendant has demonstrated no prejudice to her as a result of such defective proceeding.
“[T]he doctrine of law of the case’ is an extremely flexible one * * * and relates only to ‘the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.’ (Messinger v Anderson, 225 US 436, 444.)” (People v Mason, 97 Misc 2d 706, 712.) Thus, a court of coordinate jurisdiction may dispose of any new issues which arise and have not previously been considered by another court.
The precise issue presented to this court was whether the omission of the legal instructions given to the Grand Jury were defective to the extent that the integrity of that body was impaired (CPL 210.35, subd 5; 210.20, subd 1, par [c]; 190.25, subd 6), thereby warranting the dismissal of the instant indictment.
The issue addressed to the other parallel court was decidedly different: whether or not the evidence adduced before the Grand Jury was legally sufficient. (CPL 210.30.) Since there was no prior adjudication of the merits of the defendant’s application regarding the validity of the legal instructions which were given to the Grand Jury by any other court having coordinate jurisdiction, this court possessed the requisite power to decide this issue on its merits.
Nor can it be said that the defendant waived her right to make the instant application simply because the trial had begun. It is apparent that CPL 255.20 (subd 3) was enacted to prevent such a result.
*341 The “defective” Grand Jury proceeding has certainly prejudiced her rights. If the appropriate legal instructions had been given to the Grand Jury that body might not have returned an indictment against her. She has been compelled to stand trial, and if convicted by a petit jury, she faces the real risk of a period of incarceration, the People having indicated prior to trial that, upon conviction, such would be their recommendation. The prejudice to the People, if any, arising from the dismissal of the instant indictment certainly pales in comparison to the prejudice, actual and potential, to the defendant.
For the foregoing reasons, the indictment is dismissed. The application by the District Attorney for leave to resubmit the charge to the Grand Jury is granted. (CPL 210.20, subd 4.) The People are authorized to resubmit the matter to a Grand Jury. Bail, if any, which has been posted by or on behalf of the defendant is exonerated. The defendant is released on her own recognizance and such securing order shall remain in effect pursuant to the provisions of CPL 210.45 (subd 9).