OPINION OF THE COURT
Edward C. Alfano, J.
The issues presented in both of these cases are whether the District Attorney is obligated to instruct the Grand Jury as to the requirement of corroboration, and what, if any, is the proper remedy for the failure to so instruct.
In both cases the court has dismissed the indictments on the ground that the People failed to instruct the Grand Jury as to the requirement of corroboration.
The District Attorney moves to reargue this court’s decision in each of these cases. The motion to reargue is granted. The following decision is substituted for this court’s original decisions.
In deciding this motion the court has reviewed the Grand Jury minutes and charge, the memoranda of law submitted *395 by the parties, and the court’s original decision in these matters.
CPL 60.50 provides that a confession or statement of a defendant must be corroborated. Prior to the enactment of chapter 28 of the Laws of 1983, amending CPL 190.65, the courts were divided as to whether under the Criminal Procedure Law corroboration was necessary to support an indictment (People v King, 48 AD2d 457 [1st Dept, corroboration unnecessary]; People v Clarkson, 50 AD2d 903 [2d Dept, corroboration unnecessary]; People v Laws, 54 AD2d 518 [3d Dept, corroboration necessary]; People v Pawley, 71 AD2d 307 [4th Dept, corroboration necessary]; see, also, divergent opns in People v Cunningham, 88 Misc 2d 1065, 1080; People v Wallace, 101 Misc 2d 127; People v Kazmarick, 99 Misc 2d 1012, affd no opn 75 AD2d 1026, affd on other grounds 52 NY2d 322; People v Del Duca, NYLJ, Nov. 10, 1981, p 13, col 2). Effective April 5, 1983, the Legislature amended CPL 190.65 by adding thereto a requirement that an indictment wherever necessary must be supported by corroborating evidence. The presentation of this matter occurred well after the effective date of the amendment. The date of the alleged crime was also subsequent to the effective date of the amendment.
The People claim, notwithstanding the recent amendment of CPL 190.65, that they are not legally required to instruct the Grand Jury as to the requirement of corroboration. They claim that despite the legal requirement that corroborating evidence be presented, the Grand Jury need not be so instructed. Cases prior to the amendment, which found that corroborating evidence was required in the Grand Jury, also held that the District Attorney was required to so instruct (People v Dingle, 70 Misc 2d 840, 844;[1] People v Mackey, 82 Misc 2d 766; People v Murray, 88 Misc 2d 668, 671; see, also, People v Surprenant, 91 AD2d 1111). In the seminal case of People v Calbud, Inc. (49 NY2d 389, 394-395), the court said as follows: “In view of the divergent functions of the two bodies, we hold that a Grand Jury need not be instructed with the same degree of *396 precision that is required when a petit jury is instructed on the law. We deem it sufficient if the District Attorney provides the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime.” (Emphasis supplied.) It is clear that the Court of Appeals requires that the Grand Jury be informed of what constitutes “legally sufficient evidence”. In this case the definition of legally sufficient evidence includes the requirement of corroboration, and, thus, a charge is necessary.
In the recent case of People v Valles (62 NY2d 36), the court emphasized that a charge is necessary as to anything which may result in a finding of no criminal liability. Since corroboration is a requirement of legally sufficient evidence and a lack thereof would be grounds for the Grand Jury to find no criminal liability, it was necessary for the District Attorney to inform the Grand Jury of the nature, degree and extent of the particular corroboration statute.
The court finds that the District Attorney’s failure to charge corroboration was error (People v Loizides, 123 Misc 2d 334). The court must now decide whether dismissal is the appropriate remedy.
The District Attorney claims that dismissal is not required absent a showing of actual prejudice from the failure to so charge. In contrast to the District Attorney’s position, the court in People v Loizides (123 Misc 2d 334, supra) appears to hold that the failure to charge corroboration requires an automatic dismissal of the indictment.
The court said (at pp 339-340): “In resolving this issue, the court has not considered whether or not, as a matter of law, corroboration of the testimony of the three witnesses who appeared before the Grand Jury existed despite the failure to instruct the grand jurors as to the requirements of section 210.50 of the Penal Law. This court cannot speculate that the Grand Jury would have indicted the defendant had such instruction been given to them. Although three witnesses testified before the Grand Jury which indicted the defendant, it is entirely conceivable that not all of the witnesses were believed to be credible by *397 them which, in the absence of appropriate legal instructions, could have caused the defendant to be indicted without the requisite corroboration.”
The court disagrees with both the position expressed in People v Loizides (supra), and with that taken by the District Attorney. CPL 210.35 (subd 5) requires that before the court can dismiss an indictment there must be a showing that the integrity of the Grand Jury was impaired and that prejudice to the defendant may have resulted. In People v Di Falco (44 NY2d 482), the court said at pages 487-488: “Subdivision 2 of section 313 of the former Code of Criminal Procedure provided for automatic dismissal of the indictment when an unauthorized person appeared before the Grand Jury (People v Minet, 296 NY 315). As originally drafted the Criminal Procedure Law required a showing of actual prejudice before an indictment could be dismissed as the result of defective Grand Jury proceedings (see Proposed CPL 110.40, subd a, par [e] [1967]; Pitler, New York Criminal Practice Under CPL, § 8.6, p 161 of 1976 Cumulative Supplement), but as enacted the section requires only the possibility of prejudice (CPL 210.35, subd 5). Thus on this appeal we need to determine only whether the presence of an unauthorized prosecutor may sufficiently create the possibility of prejudice to warrant dismissal.” (Emphasis supplied; see, also, People v Percy, 45 AD2d 284, 286, affd on opn below 38 NY2d 806.) The court finds all that need be shown in order for defendant to be entitled to a dismissal is that the integrity of the Grand Jury has been impaired and there exists a possibility of prejudice.
In People v Rex (83 AD2d 753), the Appellate Division, Fourth Department, held that the failure to charge corroboration did not impair the integrity of the Grand Jury and there was no possibility of prejudice in the particular proceeding.[2] It is clear, however, that each case must be analyzed on an individual basis to determine whether the integrity of the Grand Jury was impaired and whether *398 there was a possibility of prejudice (see People v Calbud, Inc., 49 NY2d 389, supra; People v Di Falco, 44 NY2d 482, supra; People v Erceg, 82 AD2d 947; People v Elmhurst Milk & Cream Co., 116 Misc 2d 140; People v Colebut, 86 Misc 2d 729). The court now will analyze the possibility of prejudice as to these two cases individually.
With regard to Alfonse Sanchez, the court, along with the failure to charge corroboration, has considered the following factors:
1. The presentation was a bare-bones presentation;
2. The confession herein was given through an interpreter who was not called to testify before the Grand Jury. Thus, the testimony given at the Grand Jury was inadmissible hearsay (People v Sing, 242 NY 419, 422-423; Scotto v Dilbert Bros., 263 App Div 1016; Guadino v New York City Housing Auth., 23 AD2d 838, 839; see cases cited in Statements to Witness Through Interpreter, Ann., 12 ALR 4th 1016);[3]
3. The purpose of the corroboration statute People v Murray, 40 NY2d 327);
4. Whether there exists any admissible evidence before the Grand Jury (as previously observed some of the evidence was inadmissible);
5. The instruction that the Grand Jury had heard a definition of legal sufficiency at some amorphous time in the past, and the implication to use the same in each case.
After balancing all these factors the court finds that as to People v Sanchez the integrity of the Grand Jury has been impaired, and possible prejudice has been shown.
As to defendant Arlington Jordan, the court has considered, along with the failure to charge corroboration the following factors:
1. That the People have in fact made out a legally sufficient case, and have supplied sufficient corroboration;
2. The purpose of the corroboration section;
*399 3. The fact that there appears to be a discrepancy between defendant’s confession and the autopsy report as to the number of shots fired at deceased;
4. That the District Attorney, in marshaling the evidence, added facts not presented to the Grand Jury. The District Attorney did, however, instruct the Grand Jury that it was their recollection that controlled and not his statements.
5. The instruction that the Grand Jury had heard a definition of legal sufficiency at some amorphous time in the past, and the implication to use the same definition in each case.
The court, balancing these factors, finds that as to People v Jordan, the integrity of the Grand Jury has been impaired, and possible prejudice has been shown.
Upon reargument, the court adheres to its prior conclusions, and the indictments are dismissed. Leave to represent the matter to another Grand Jury with proper instructions is granted. (In the case of People v Sanchez, the District Attorney would well be advised to call the interpreter to testify in the re-presentation.) The same bail conditions presently existing shall continue to exist (GPL 210.45, subd 9).
The court notes that this decision supersedes and vacates the court’s prior decisions, and therefore the 45-day requirement of the GPL runs from the date of this decision, and not that of the prior decision (Council Commerce Corp. v Paschilides, 92 AD2d 579; Barad v Bank of Commerce, 31 AD2d 809; Dennis v Stout, 24 AD2d 461).

. The court notes with interest that People v Dingle (70 Misc 2d 840) was cited with approval by the Court of Appeals in People v Calbud, Inc. (49 NY2d 389, 395, n 1). Indeed, the paragraph which requires instruction on corroboration was cited with approval.

. To the degree that People v Loizides (123 Misc 2d 334) rejects this case, the court must respectfully disagree. As previously indicated, the Appellate Division, Fourth Department, has always held that the Grand Jury presentation requires corroboration whenever the statute so requires. The amendment thus did not affect the holding in People v Rex (83 AD2d 753).

. Richardson, Evidence, 10th ed, § 557, p 558, and Fisch, NY Evidence, 2d ed, § 874, p 515, rely upon People v Randazzio (194 NY 147) for the proposition that a confession made through interpreter is inadmissible, unless the interpreter is called as a witness. The court had read that case and while there is a fair interpretation of that case for such a holding, I feel that People v Sing (242 NY 419) is more on point.