■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID FOSTER, Respondent.—Mikoll, J. Appeal from an order of the County Court of St. Lawrence County (Nicandri, J.) entered September 17, 1986, which granted defendant's motion to dismiss the indictment.

Defendant was charged in a single-count indictment with commission of the crime of burglary in the third degree in that he "knowingly entered and remained unlawfully in the building owned by Larry J. Foley with intent to commit a crime therein". The crime allegedly occurred on April 21, 1986 in St. Lawrence County. Subsequently, defendant moved to inspect the Grand Jury minutes and for dismissal of the indictment because of insufficient legal evidence of the crime charged and for the prosecution's failure to properly instruct the Grand Jury. County Court granted defendant's motion to inspect and, upon inspection, found that there was insufficient evidence before the Grand Jury to corroborate the testimony of Thomas Olson and/or Donna Roach to connect defendant to the alleged burglary. This appeal by the People ensued.

The order of dismissal should be reversed, the indictment

---

reinstated and the matter remitted to County Court for further proceedings. The testimony of Olson is corroborative of the testimony of Roach, a participant in the crime. County Court ruled that a juror could find that Olson was an accomplice, but did not rule that he was an accomplice as a matter of law. Viewing the evidence most favorably to the People, the Grand Jury could find as a fact that Olson was *not* an accomplice. The failure to instruct the Grand Jury as to the requirements of CPL 60.22 relating to accomplice testimony was improper. But since there is testimony from which, if believed, the Grand Jury could find that Olson was not an accomplice, such impropriety does not require dismissal of this indictment *(see, People v Calbud, Inc.,* 49 NY2d 389, 395; *People v Rex,* 83 AD2d 753, 754; *People v Clarkson,* 50 AD2d 903, 904).* A motion to dismiss an indictment for insufficiency should be granted only upon a clear showing of insufficiency, with the burden of proof resting on the defendant *(see, People v Deitsch,* 97 AD2d 327, 329).* In addition, there was also before the Grand Jury defendant's admission to the investigating officer that he had possession of the beer and whiskey stolen in the alleged burglary and that he threw the beer and whiskey in the river because he was afraid he would be caught with it. The Grand Jury could also find this as some corroboration of Roach's testimony. Accordingly, there was sufficient legal evidence before the Grand Jury to establish every element of the alleged burglary.

Order reversed, on the law, indictment reinstated, and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Main, Casey and Mikoll, JJ., concur.